```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| GORDON ROY PARKER, | : | CIVIL ACTION |
| a/k/a RAY GORDON, | : | |
|     Plaintiff, | : | |
| | : | |
|     v. | : | |
| | : | |
| JOHN DOE #1, a/k/a | : | |
| "WINTERMUTE," and | : | |
| JOHN DOES #2-100, | : | |
|     Defendants. | : | No. 02-CV-7215 |

## MEMORANDUM AND ORDER

**J. M. KELLY, J.**                                        **FEBRUARY      , 2003**

Presently before the Court is a Motion to Reconsider filed
by pro se Plaintiff Gordon Roy Parker, a/k/a "Ray Gordon"
("Plaintiff").  On December 26, 2002, Plaintiff petitioned this
Court for leave to file a second amended complaint and for an
extension of time to effect service of process upon numerous
unidentified defendants.  On January 22, 2003, Plaintiff's motion
was denied in part and granted in part.  Specifically,
Plaintiff's request to file a second amended complaint was denied
without prejudice since he neglected to attach a proposed amended
complaint to his motion.  In response to his request for
additional time for service of process, this Court granted
Plaintiff an additional eight days beyond the standard 120 days
to serve defendants to account for the time this Court took to
rule on his motion to proceed in forma pauperis.  Plaintiff's
demand for any additional time was denied since he did not

provide good cause for his inability to effectuate service.  On

January 22, 2003, we allowed Plaintiff additional time, until

February 7, 2003, to effectuate service of process.  Although the

relief Plaintiff requests in the instant motion is difficult to

understand, we conclude that Plaintiff fails to present relevant

new facts or introduce evidence demonstrating manifest errors of

law necessary to warrant reconsideration.

    Federal courts have a strong interest in the finality of

judgments, and thus, motions for reconsideration should be

granted sparingly.  See Continental Casualty Co. v. Diversified

Industries, Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

Accordingly, a district court may grant a motion for

reconsideration only if the petitioner produces: (1) new evidence

not previously available; (2) an intervening change

in controlling law; or (3) clear errors of law or manifest

injustice.  See Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d

Cir. 1985); Congregation Kol Ami v. Abington Township, Civ. A.

No. 01-1919, 2001 U.S. Dist. LEXIS 10224, at *3 (E.D. Pa. July

20, 2001); Drake v. Steamfitters Local Union No. 420, Civ. A. No.

97-CV-585, 1998 U.S. Dist. LEXIS 13791, at *7-8 (E.D. Pa. Sept.

3, 1998); New Chemic, Inc. v. Fine Grinding Corp., 948 F. Supp.

17, 18-19 (E.D. Pa. 1996).  Plaintiff's motion for

reconsideration fails to provide any new evidence that prevents

him from effecting service by February 7, 2003.  Nor does

2

Plaintiff point to any error of law or miscarriage of justice to warrant reconsideration.  Rather, Plaintiff's motion appears to complain of the cost of issuing subpoenas and effectuating service of process, matters that have already been addressed by this Court.  Plaintiff also expresses disagreement with this Court's legal analysis and dissatisfaction with the time we took to rule on Plaintiff's motion to file a second amended complaint and request for an extension of time.  None of these complaints, however, satisfy the legal requirements to warrant reconsideration.

Moreover, Plaintiff again fails to provide this Court with a proposed amended complaint.  Instead, he suggests that we parse through his instant motion to fashion a proposed amendment by removing time-barred actions and dismissing any defendants who could not be served within the time allotted.  We decline to follow Plaintiff's recommendation.  Since this Court did not dismiss with prejudice Plaintiff's motion to file a second amended complaint, we strongly advise him to file a proposed second amended complaint that includes the several defendants he has identified as well as any additional claims he sets forth in the instant motion, so that this Court may properly assess his request.

For the reasons set forth above, Plaintiff's Motion for

Reconsideration is **DENIED.**

                                       BY THE COURT:


                                       _____

                                       JAMES McGIRR KELLY, J.